MURDOCK ET AL., APELANTES, *v.* SUCESIÓN BOUDENS ET AL.,
APELADOS.

APELACIÓN procedente de la Corte de Distrito de Humacao.

No. 847.—Resuelto en junio 28, 1913.

HIPOTECA TÁCITA—BIENES PARAFERNALES—ENTREGA AL MARIDO DE LOS BIENES
DE LA MUJER.—Según la ley 17, título 11, partida 4, la mera existencia de
bienes parafernales no implica *ipso facto* que los bienes del marido estén
sujetos a una hipoteca tácita por el importe de los bienes parafernales, sino
que es necesario que los bienes parafernales se entreguen señaladamente al
esposo para que exista dicha hipoteca tácita.

ID.—ENTREGA DE BIENES PARAFERNALES AL MARIDO—INSUFICIENCIA DE LA DE-
MANDA.—La alegación en una demanda de que el marido recibió señalada-
mente los bienes parafernales de su esposa, constituye una conclusión de
derecho, siendo necesario alegar la fecha de la entrega, la forma y manera
en que el marido recibió los bienes, no siendo equivalente a esta entrega
especial y señalada el reconocimiento o confesión del recibo de dichos bienes
otorgado por el marido en un documento público.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. López Landrón, Rincón*
*y Francis.*

Abogados de The Yabucoa Sugar Company: *Sres. Alvarez*
*Nava y Domínguez.*

Los otros apelados no comparecieron.

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tri-
bunal.

La demanda en este caso fué establecida por las hijas

de Doña Luisa Cora Hernández contra la sucesión desconocida de Don Pedro Emilio Boudens y Regnier y contra la corporación "The Yabucoa Sugar Co.," Minondo y Co., y María de las Mercedes Massanet y Sánchez. Las corporaciones demandadas y la Señora Massanet y Sánchez produjeron excepción previa contra la demanda, fundándose en que ésta no aducía hechos suficientes que determinaran una causa de acción, y algunas de ellas también por indebida acumulación de acciones y de partes demandadas; y habiendo resuelto la corte en favor de los demandados la excepción de que la demanda no aducía hechos suficientes que determinaran una causa de acción, y habiendo los demandantes renunciado el permiso que se les concedió para enmendar su demanda, se dictó sentencia en 14 de febrero de 1912, por la cual la Corte de Distrito de Humacao declaró sin lugar la demanda, con las costas a favor de los demandados, de cuyo fallo apelaron las demandantes.

Las apelantes, después de exponer en su demanda que son las únicas hijas y herederas universales de Doña Luisa Cora Hernández, la que siendo viuda de Jaime H. Murdock contrajo segundo matrimonio en el año 1869 con Pedro Emilio Boudens Regnier, expusieron en su cuarta alegación lo siguiente:

"Que Emilio Boudens y Regnier no aportó bienes a éste su matrimonio con Luisa Cora y Hernández, sino que recibió señaladamente y en administración todo el patrimonio dotal y hereditario de ésta, su dicha esposa, con ocasión del mencionado matrimonio que celebrara con ella, al contraerlo y luego de contraerlo, en diversas fechas y por partes sucesivas, en cantidad total montante a 138,289 escudos 64 milésimas, equivalentes a 69,144 pesos 82 centavos moneda de plata española; y que por razón de estas entregas efectuadas, el marido, dicho Emilio Boudens y Regnier por escritura de 24 de marzo de 1874 ante el Notario José Mariano Capó reconoció haberse hecho cargo como marido y en tal concepto como administrador legal nato por ministerio de la ley en aquella época, de todo dicho patrimonio dotal y parafernal importante la indicada suma de 69,144 pesos 82 centavos moneda española, reconociendo tácita y expresamente al contraer su

matrimonio como luego de contraído la existencia de una hipoteca legal, tácita y oculta, general y privilegiada, sobre todos sus bienes y frutos o rentas habidos y por haber, presentes y futuros, por su montante principal e intereses legales, para seguridad y garantía de la obligación principal de restituir a la esposa o sus herederos desde la fecha de la disolución del matrimonio, el total montante de aquel patrimonio que recibiera en administración marital; y que como garantía y seguridad adicional o colateral, sin menoscabo alguno de la legal, constituyó, además, el marido Boudens, otra hipoteca voluntaria y especial por el mismo montante patrimonial recibido y sus intereses legales sobre las siguientes fincas que adquirió y poseyó durante el matrimonio.''

La demanda describía como tales las fincas nombradas ''Nuevo Cuño'' y ''El Corazón'' que alegaron estar poseídas por los demandados que no componen la Sucesión de Emilio Boudens; que la hipoteca a que se hace referencia en la alegación copiada, fué inscrita en el año 1874 en la Antigua Anotaduría de Hipotecas y mencionada sucesivamente y reconocida implícitamente con los asientos de la propiedad; que las demandantes estuvieron bajo la potestad de Emilio Boudens Regnier hasta su muerte ocurrida en 1893; que luego han residido por cierto número de años fuera de esta isla; que Emilio Boudens murió sin bienes de ninguna clase y sin devolver la paraferna que se reclama; que Doña Luísa Cora ni sus herederas han sustituído con hipoteca especial la tácita y general que les concedían las leyes, y que la demandante, Luisa Aquilina Boudens y Cora, que es hija de Don Emilio Boudens Regnier, no ha aceptado la herencia de su padre. Después de estas alegaciones concluyeron con la súplica de que se declarase por la corte que la Sucesión de Emilio Boudens Regnier está obligada a devolverles la dote y paraferna aportada por su madre al matrimonio con él y que por haber muerto en estado de insolvencia deben pagarla los demandados poseedores de los bienes que fueron del deudor, y en defecto de que la paguen deben venderse en pública subasta los bienes descritos en la demanda.

Los términos en que está redactada la alegación que hemos

transcrito así como los demás de la demanda, los de la súplica y los del alegato que han presentado las apelantes, nos permiten decir que las apelantes tratan de cobrar por este pleito la hipoteca legal, tácita y oculta, general y privilegiada, que alegan tenía su madre Doña Luisa Cora Hernández por los bienes que de ella recibió su segundo esposo Pedro Emilio Boudens Regnier, y, por, tanto, lo primero que hemos de examinar es si de la demanda aparece que efectivamente tal hipoteca existió en favor de la causante de los apelantes.

Según la ley 17, título 11, partida cuarta, y las sentencias del Tribunal Supremo de España de 23 de mayo y 21 de octubre de 1864, 27 de noviembre de 1865 y 8 de abril de 1884, ratificadas por esta Corte Suprema en el caso de *Amy* v. *Amy,* 15 D. P. R., 415, la mera existencia de bienes parafernales no implica *ipso facto* la responsabilidad de los bienes del marido, sino que es necesario que medien ciertos requisitos para que pueda en su día hacerse efectiva tal responsabilidad, ya que la ley citada, vigente en la fecha en que contrajo su matrimonio Doña Luisa Cora Hernández y bajo la cual murió, dispone que si los bienes parafernales no se entregan señaladamente al esposo, la mujer continuará siendo señora de ellos y también cuando hubiera duda de si los dió al marido. La responsabilidad del marido por esos bienes nacía desde el momento de la entrega y por esta razón la demanda debe alegar necesariamente la naturaleza de los bienes parafernales y los hechos demostrativos de que la entrega tuvo lugar, para que el tribunal pueda llegar a la conclusión de que se había hecho señaladamente la entrega por la esposa al marido, ya que según sentencia del Tribunal Supremo de España de 28 de marzo de 1874, al tribunal sentenciador corresponde apreciar si la mujer hizo al marido señaladamente la entrega de los bienes parafernales.

En la alegación de la demanda que hemos transcrito se dice que el marido recibió al contraer su matrimonio y después de celebrado, en diversas fechas y por partes sucesivas la cantidad que ahora se reclama como hipoteca tácita, gene-

ral y oculta, alegación que no es suficiente para llegar a la conclusión de que efectivamente la entrega se hizo señaladamente, y que no exponen ni la fecha de la entrega ni la forma y manera en que el marido recibió los bienes; y si bien en la demanda se alega que el esposo recibió señaladamente los bienes dichos, tales palabras son conclusiones de ley que no pueden permitirse en la demanda, toda vez que el artículo 103 del Código de Enjuiciamiento Civil exige que en ella solamente se expongan hechos y además, porque es la conclusión a que ha de llegar el tribunal que conozca del caso en vista de los hechos que se aleguen demostrativos de que tal entrega fué especial y señalada.

Pero si quisiera decirse que la entrega especial y señalada aparece de la escritura de 24 de marzo de 1874 otorgada por el marido, en la que reconoce haberse hecho cargo de todo el patrimonio dotal de Doña Luisa Cora Hernández, diremos, que lo único que demuestra esa escritura es, según la demanda, un reconocimiento o confesión de recibo, que no es suficiente para que se considere hecha la entrega especial y señalada de que dimana la hipoteca tácita y oculta que reconocían las leyes a la mujer casada por su dote y paraferna, según han declarado las sentencias de 28 de junio de 1890 y 11 de julio de 1895 del Tribunal Supremo de España, aceptadas por esta corte en el caso de Amy antes citado y en el de *Prado* v. *Sucesión Río,* 15 D. P. R., 589.

Así pues, la demanda no expone hechos suficientes para que podamos llegar a la conclusión de que la esposa entregó al marido señaladamente sus bienes parafernales y que en su consecuencia naciera en su favor la hipoteca tácita, general y oculta que establecían las leyes de partidas.

La sentencia apelada debe ser confirmada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y del Toro.